IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE ESTATE OF MARK LEGGETTE, by and through its Administrator, PATRICIA LEGGETTE, <br><br> Plaintiff, <br><br> v. <br><br> MEADOW LAKES BUSINESS, LLC f/k/a HERITAGE PLACE BUSINESS, LLC and MEADOW LAKES REAL ESTATE, LLC f/k/a HERITAGE PLACE REAL ESTATE, LLC, <br><br> Defendants | Civil Case No.: 5:25-cv-44 |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Meadow Lakes Business, LLC and Meadow Lakes Real Estate, LLC (collectively, "Defendants" or "Meadow Lakes"), through their undersigned counsel, hereby jointly remove this action from the General Court of Justice, Superior Court Division, Iredell County, North Carolina, Case No. 25-CVS-457, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1. On February 10, 2025, Plaintiff Patricia Leggette ("Plaintiff" or "Mrs. Leggette"), as the Administrator of the Estate of Mark Leggette ("Mr. Leggette"), filed her Complaint in the General Court of Justice, Superior Court Division, Iredell County, North Carolina, asserting claims against the Defendants. The proceedings before North Carolina's General Court of Justice are hereinafter referred to as the "State Court Action."

2. In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the entire State Court Action case file, which includes a copy of the process and pleadings filed in the record, is attached to this Notice of Removal as Exhibit No. 1 through Exhibit No. 3.

3. In general, Plaintiff's First Claim for Relief ("Negligence") asserts that Defendants breached their duties of care towards Mr. Leggette, and Defendants conduct contributed to Mr. Leggette's physical pain, mental anguish, and ultimately his death. *See* Compl. ¶¶ 35–44.

4. In general, Plaintiff's Second Claim for Relief ("Willful & Wonton Gross Negligence") asserts that Defendants breached their duties of care towards Mr. Leggette, and Defendants conduct contributed to Mr. Leggette's physical pain, mental anguish, and ultimately his death. *See* Compl. ¶¶ 45–59. Plaintiff's Second Claim for Relief also asserts that Defendants' conduct was willful and wanton, and it and constituted gross negligence. *See*, *e.g.*, *id.*, ¶¶ 47–49.

5. Defendants reasonably anticipate that they will deny these fundamental allegations of the Complaint and further contend that Plaintiff has failed to state a claim upon which relief may be granted. Under federal law, a notice of removal must contain a "short and plain statement of the grounds for removal[.]" *See* 28 U.S.C. § 1446(a); *accord Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). Defendants accordingly do not address the merits of Plaintiff's claims herein, except where relevant to identify the grounds for removal. Defendants will respond in detail to Plaintiff's allegations at the appropriate time. *See*, *e.g.*, Fed. R. Civ. Pro. 81(c).

2

Case 5:25-cv-00044   Document 1   Filed 03/25/25   Page 2 of 7

## REMOVAL IS TIMELY, AND VENUE IS PROPER IN THIS DISTRICT

6. Plaintiff's Complaint was filed on February 10, 2025. Defendants were purportedly served on February 25, 2025. Accordingly, this Notice of Removal has been timely filed within the thirty-day time frame provided by 28 U.S.C. § 1446(b). Further, all Defendants join in the instant Notice of Removal.

7. The Western District of North Carolina is the federal district embracing Iredell County, North Carolina, where the State Court Action was originally filed. 28 U.S.C. § 113(a). Thus, venue is proper in this District. 28 U.S.C. § 1441(c).

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES

8. Original diversity jurisdiction exists in the federal courts where all adversarial parties to the action are citizens of different states, 28 U.S.C. §§ 1332(a)(1), and where none of the defendants are citizens of the forum state, 28 U.S.C. § 1441(b)(2). The parties here are completely diverse, and Defendants are not citizens of North Carolina for diversity-jurisdiction purposes.

9. Defendants are limited liability companies. Therefore, their respective citizenships for purposes of diversity jurisdiction are determined by the citizenship of each of their respective members. *See generally Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

10. The citizenship of a natural person (if the person is a citizen of the United States) is the state of his or her domicile, *i.e.*, the state in which the person intends to reside "indefinitely." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017).

11. Plaintiff is a citizen of the State of North Carolina. *See* Compl. ¶ 1.

12.     Defendants are limited liability companies organized under the laws of the state of North Carolina.  However, they are member-managed limited liability companies, and all members are citizens of the State of Texas.

13.     Plaintiff, upon information and belief, is a citizen of the State of North Carolina, and Defendants are citizens of the State of Texas.  Therefore, Plaintiff is not a citizen of the same state as any defendant, and there is complete diversity among the parties.  *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) ("[C]omplete diversity of citizenship—meaning a plaintiff cannot be a citizen of the same state as any defendant—is necessary for a federal court to exercise diversity jurisdiction.").

## THERE IS MORE THAN $75,000.00 IN CONTROVERSY

14.     Plaintiff asserts that she is owed "a sum in excess of the jurisdictional limit" of the General Court of Justice, Superior Court Division, from Defendants.  *See* Compl. p. 13 ("WHEREFORE" paragraph).  Previously, in negotiation among the parties, Plaintiff has demanded compensation greatly in excess of $75,000.00 for the various damages that Plaintiff contends were caused by Defendants, exclusive of interest and costs.  Therefore, the amount in controversy requirement of $75,000.00 for federal diversity jurisdiction is met here.  *See* 28 U.S.C. § 1446(c)(2); *see also Scott*, 865 F.3d at 194 (starting that, "[i]f the plaintiff challenges removal" and "[the] plaintiff's complaint leaves the amount of damages unspecified," then a defendant must "show ... what the stakes of litigation ... are given the plaintiff's actual demands.") (quotation omitted); *cf. Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.").

15. Thus, although Defendants deny that Plaintiff is entitled to recover any amount and deny that Plaintiff is entitled to any of the relief sought, in consideration of all of the damages sought by Plaintiff's claims, the amount in controversy greatly exceeds $75,000.00.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION**

16. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, as stated *supra* at ¶¶ 8–13, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs as shown *supra* at ¶¶ 14–15.

17. This action may be thus removed pursuant to 28 U.S.C. §§ 1332(a) and 1441.

**DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

18. In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all other parties, and a true and correct copy of the Notice of Removal is being filed with the Clerk of Superior Court for Iredell County, North Carolina.

19. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached as Exhibit No. 1 through Exhibit No. 3 all process, pleadings, and orders served upon them or of which they are aware.

20. Defendants reserve the right to amend or supplement this Notice of Removal, and they reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12. By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them.

21. Should any question arise as to propriety of the removal of this matter, or if Plaintiff files a motion to remand, Defendants respectfully request an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, Defendants, Meadow Lakes Business, LLC and Meadow Lakes Real Estate, LLC, respectfully pray that the State Court Action be removed from the General Court of Justice, Superior Court Division, Iredell County, North Carolina to the United States District Court for the Western District of North Carolina, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

Dated: March 25, 2025.　　　　　　　　　Respectfully submitted,

ELLIS & WINTERS LLP

*/s/ Ashley K. Brathwaite*
Ashley K. Brathwaite
N.C. State Bar No. 33830
ashley.brathwaite@elliswinters.com
Frank B. O'Hale
N.C. State Bar No. 50912
frank.ohale@elliswinters.com
P. O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF System and the Court's Electronic Filing System and that the undersigned has served the foregoing by depositing a copy thereof in the United States mail, postage prepaid, first class, as well as by electronic mail, addressed as follows:

Donald S. Higley, II
N.C. State Bar No. 20814
Attorney for Plaintiff
Lanier Law Group, P.A.
6518 Airport Center Drive
Greensboro, North Carolina 27409
dhigley@lanierlawgroup.com

Dated: March 25, 2025.

*/s/ Ashley K. Brathwaite*
Ashley K. Brathwaite